UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. MOORE, ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-1141 |
| ALAN UCHTMAN, Warden, ) | |
| Respondent. ) | |

**O R D E R**

This matter is now before the Court on Petitioner David A. Moore's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition is DENIED.

**BACKGROUND**

The following facts are taken from Moore's Petition. In 1992, Moore was convicted of three counts of murder and one count of burglary after a jury trial in Peoria County Court. He was sentence to 70 years in prison. On appeal, two of the three murder convictions were vacated; however, the convictions and sentences on the third murder charge and the burglary were upheld. Additionally, Moore's first post-conviction motion was dismissed in May 1998 (there is no indication in Moore's pleadings of the date that it was filed); his second post-conviction motion was filed in June 1998 and dismissed in February 1999; and a state habeas petition was filed in January 2001, dismissed in that same month, and a petition for leave to appeal was denied by the Illinois Supreme Court in January 2004. In March 2005, Moore filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Illinois; the case was transferred to this District in May. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Moore gives no indication that his case is governed by anything other than subsection (A). He makes no assertion that he was unable to discover his claims within the time period allowed through the exercise of due diligence, that there is any newly recognized constitutional right, or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

According to Moore, his direct attack on his conviction ended on November 21, 1996, when his 30-day time for filing a direct appeal expired. Although he does not state when he filed his first post-conviction motion, the court will assume that it was timely, and thus served to toll the one-year limitations period under § 2254. His pursuit of that motion ended in June 1998, when his 30-day period for filing an appeal expired after the motion was dismissed. Although he filed a second post-conviction motion in May 1998, the period during which that motion was pending does not toll the one-year limitations period because the motion was not properly filed, as required by § 2254. 28 U.S.C. § 2244(d)(2). 725 ILCS 5/122-1 requires any post-conviction petitions to be brought within three years of the date of conviction, and Moore's second post-conviction petition clearly falls outside of that window. Finally, the court will assume that Moore's state habeas corpus petition was properly filed, and therefore, will not count January 2001 through January 2004 against Moore's limitations period.

However, even after tolling Moore's limitations period during the pendency of his first post-conviction motion and his state habeas petition, Moore is still well outside the one-year limitations period of § 2254. His first opportunity to file a federal habeas action was in June 1998, after his first post-conviction motion was dismissed. The limitations period did not begin tolling again until January 2001, when he filed his state habeas action. Accordingly, he was required to file his petition by June 1999, and is nearly six years late.

Furthermore, it is entirely unclear what Moore is challenging in this federal habeas action. In the section of his Petition entitled "Petitioner's Claims" Moore states the following:

> I would wish and pray that the Federal Courts would look over my case in supporting me in any matter that may be wrongfully done in my case.

- 3 -

> I am dumfounded in the laws and need your help badly.
> Many thanks, David A Moore.

He makes no more specific allegations explaining why his entitled to relief in this court.

The court views this failure as an alternate grounds justifying dismissal.

## CONCLUSION

For the reasons set forth above, Moore's petition for writ of habeas corpus pursuant to § 2254 is DENIED, and this matter is terminated.

ENTERED this 11th day of August, 2005.

                                                                        _____s/ Michael M. Mihm\_\_\_\_\_
                                                                        Michael M. Mihm
                                                                        United States District Judge